**Opinion issued May 25, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00074-CV

————————————

## IN THE INTEREST OF K.R.G., A CHILD

———————————————————————————————————————

### On Appeal from the 313th District Court
### Harris County, Texas
### Trial Court Case No. 2017-00146J

———————————————————————————————————————

## MEMORANDUM OPINION

This is an accelerated appeal brought by father, T.A.G., from the trial court's

final order in a suit brought by the Department of Family and Protective Services

("DFPS") for conservatorship and for termination in a suit affecting the parent-child

relationship.[1] In its final order, the trial court terminated father's parental rights and appointed DFPS as sole managing conservator.[2] Father's court-appointed counsel filed a notice of appeal on father's behalf and has since filed a motion to withdraw, along with a brief, stating his professional opinion that the appeal is without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738, 744 (1967).

*Anders* procedures are appropriate in an appeal from a trial court's final order in a suit brought by DFPS for the protection of a child, for conservatorship, or for parental-rights termination. *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous, his obligation to his client is to seek leave to withdraw. *Id.* Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that, after a complete review of the record, the request to withdraw is well-founded. *Id.*

---

[1] We use pseudonyms or initials to refer to the children, parents, and other family members involved in this case. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

[2] Mother's parental rights to K.R.G. were also terminated by the trial court's termination decree. Mother did not appear for trial and has not appealed from the trial court's termination decree.

Here, counsel has certified that he delivered a copy of the brief to father and informed him of his right to examine the appellate record and to file a response. *See id.* at 408. Father did not file a response.

The brief submitted by father's appointed appellate counsel states his professional opinion that no arguable grounds for reversal exist and that any appeal would therefore lack merit. *See Anders*, 386 U.S. at 744. Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id.*; *In re H.M.*, No. 01-19-00692-CV, 2020 WL 894454, at *1 (Tex. App.—Houston [1st Dist.] Feb. 25, 2020, no pet.) (mem. op.).

When we receive an *Anders* brief from an appellant's appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Johnson v. Dep't of Fam. & Protective Servs.*, No. 01-08-00749-CV, 2010 WL 5186806, at *1 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.); *see also In re K.D.*, 127 S.W.3d at 67; *In re D.E.S.*, 135 S.W.3d 326, 330 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Thus, our role in this appeal is to determine whether arguable grounds for appeal exist. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If we determine that arguable grounds for appeal exist, we abate the appeal and remand the case to the trial court to allow the appointed attorney to

3

withdraw. *See id.* at 827. Then, the trial court appoints another attorney to present all arguable grounds for appeal. *See id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.*

On the other hand, if our independent review of the record leads us to conclude that the appeal is wholly frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record and find no reversible error. *See id.* at 826–27. Although we may issue an opinion explaining why the appeal lacks arguable merit, we are not required to do so. *See id.* The appellant may challenge the holding that there are no arguable grounds for appeal by petitioning for review in the Supreme Court of Texas. *See id.* at 827 & n.6; *Johnson*, 2010 WL 5186806, at *2.

We have independently reviewed the entire record and counsel's *Anders* brief and agree with counsel's assessment that the appeal is frivolous and without merit. We note, however, that counsel's duty to his client extends all the way through the exhaustion or waiver of "all appeals." TEX. FAM. CODE. § 107.016(2)(B). Accordingly, if father wishes to pursue a further appeal to the Supreme Court of Texas, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016).

We therefore affirm the trial court's final order terminating father's parental rights to K.R.G. and deny counsel's motion to withdraw. *See id.* at 27; *In re A.M.*, 495 S.W.3d 573, 582–83 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Farris.